IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM S. SELLS, )
)
Petitioner, )
)
v. ) Civil Action No. 16-505-GMS
)
DAVID PIERCE, Warden, and )
ATTORNEY GENERAL OF THE STATE )
OF DELAWARE, )
)
Respondents. )
_____ )

**MEMORANDUM**

Presently pending before the Court is petitioner William Sells' petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) In July 2015, Sells was convicted of first

degree robbery, second degree conspiracy, possession of a firearm during the commission of a

felony, and second degree assault. (D.I. 1 at 1) The Delaware Supreme Court affirmed his

convictions on January 29, 2015.[1] *See Sells v. State*, No. 429,201, Cr. ID No. 1108023648

Opinion (Del. Jan. 29, 2015). Petitioner's instant petition asserts two ineffective assistance of

counsel claims. (D.I. 1 at 7, 5) However, the petition also contains Sells' statement that he still

has a post-conviction motion pending before the Delaware Superior Court. *Id.*

A federal district court may summarily dismiss a habeas petition "if it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless

_____

[1]Petitioner does not explicitly mention his direct appeal. However, the petition identifies the
relevant Delaware criminal case as 1108023648 (D.I. 1 at 1), which is the same criminal ID
number identified in caption of the Delaware Supreme Court's opinion on the Delaware State
Courts' website.

he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Given Sells' statement about his pending post-conviction motion, it plainly appears that he has not yet exhausted state remedies.[2] Accordingly, the court will summarily dismiss Sells' § 2254 petition without prejudice. The court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order follows.

Dated: December 28, 2016

UNITED STATES DISTRICT JUDGE

---

[2]Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Sells is responsible for determining the events that trigger and toll the limitations period.